# Exhibit C



Claim No: CL-2023-000054

IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES
KING'S BENCH DIVISION
COMMERCIAL COURT
Before the Honourable Mr Justice Bright
24 February 2023

BETWEEN:

(1) TRAFIGURA PTE LTD
(2) TRAFIGURA INDIA PVT LTD

**Claimants/Applicants**

(1) PRATEEK GUPTA
(2) UIL (SINGAPORE) PTE. LTD.
(3) UIL MALAYSIA LTD.
(4) TMT METALS AG, ZUG
(5) TMT METALS (UK) LTD
(6) SPRING METAL LIMITED
(7) MINE CRAFT LIMITED
(8) NEW ALLOYS TRADING PTE. LTD.

**Defendants/Respondents**

**ORDER**

**PENAL NOTICE**

IF YOU, PRATEEK GUPTA, UIL (SINGAPORE) PTE. LTD., UIL MALAYSIA LTD., TMT METALS AG, ZUG, TMT METALS (UK) LTD, SPRING METAL LIMITED, MINE CRAFT LIMITED OR NEW ALLOYS TRADING PTE. LTD. DISOBEY THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

AND IF YOU, ANY OF THE DIRECTORS OR OFFICERS OF UIL (SINGAPORE) PTE. LTD., UIL MALAYSIA LTD., TMT METALS AG, ZUG, TMT METALS (UK) LTD, SPRING METAL LIMITED, MINE CRAFT LIMITED OR NEW ALLOYS TRADING PTE. LTD. DISOBEY THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.

**This order**

1. This is a Freezing Injunction made against the Respondents on 24 February 2023 by the Honourable Mr Justice Bright on the application of Trafigura Pte Ltd and Trafigura India PVT Ltd (the "**Applicants**"). The Judge read the Affidavits listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order.

2. Unless otherwise stated:

    2.1. references in this order to "the Respondents" are references to each and all of the Respondents; and

    2.2. this order is effective against any Respondent on whom it is served or who is given notice of it.

**Freezing and Proprietary Injunction**

3. Until further order of the Court, the Respondents must not –

    3.1. remove from England and Wales any of their assets which are in England and Wales to the value of US$625,000,000; or

    3.2. in any way dispose of, deal with or diminish the value of any of their assets whether they are in or outside England and Wales up to the same value.

4. Paragraph 3 applies to all the Respondents' assets whether or not they are in their own name, whether they are solely or jointly owned. For the purpose of this order, the Respondents' assets include any asset which they have the power, directly or indirectly, to dispose of or deal with as if it were their own. The Respondents are to be regarded as having such power if a third party holds or controls the asset in accordance with their direct or indirect instructions.

5. This prohibition includes the following assets in particular:

5.1. Any interest that any of the Respondents have in any of the assets set out in Schedule C hereto.

5.2. In relation to the Third Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R3 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank account number and sort code |
|---|---|---|---|
| 11-Aug-22 | $1,953,854.92 | RHB BANK BERHAD | 61412900027488 |
| 02-Sep-22 | $4,535,856.00 | RHB BANK BERHAD | 61412900027488 |
| 23-Aug-22 | $4,369,949.33 | RHB BANK BERHAD | 61412900027488 |
| 25-Aug-22 | $3,708,402.36 | RHB BANK BERHAD | 61412900027488 |
| 14-Sep-22 | $2,991,797.25 | RHB BANK BERHAD | 61412900027488 |

5.3. In relation to the Fourth Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R4 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank account IBAN |
|---|---|---|---|
| 26-May-22 | $8,433,067.26 | Barclays Bank PLC | GB53BARC20000084575166 |
| 07-Jun-22 | $6,023,338.00 | Barclays Bank PLC | GB53BARC20000084575166 |
| 15-Jun-22 | $12,439,813.77 | Barclays Bank PLC | GB53BARC20000084575166 |
| 08-Feb-22 | $15,815,432.33 | Barclays Bank PLC | GB53BARC20000084575166 |
| 10-Feb-22 | $10,770,189.05 | Barclays Bank PLC | GB53BARC20000084575166 |
| 13-Apr-22 | $16,000,901.28 | Barclays Bank PLC | GB53BARC20000084575166 |
| 22-Jun-22 | $7,169,734.71 | Barclays Bank PLC | GB53BARC20000084575166 |
| 28-Jun-22 | $6,420,448.44 | Barclays Bank PLC | GB53BARC20000084575166 |
| 01-Jul-22 | $4,573,640.88 | Barclays Bank PLC | GB53BARC20000084575166 |
| 05-Jul-22 | $8,133,480.24 | Barclays Bank PLC | GB53BARC20000084575166 |

5.4. In relation to the Fifth Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R5 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank IBAN |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 17-May-22 | $5,821,708.40 | Barclays Bank PLC | GB76BARC20000047108211 |
| 13-Jun-22 | $8,617,961.07 | Barclays Bank PLC | GB76BARC20000047108211 |
| 14-Jun-22 | $4,941,270.54 | Barclays Bank PLC | GB76BARC20000047108211 |
| 23-Jun-22 | $5,056,764.39 | Barclays Bank PLC | GB76BARC20000047108211 |
| 05-Jul-22 | $4,098,508.48 | Barclays Bank PLC | GB76BARC20000047108211 |

5.5. In relation to the Sixth Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R6 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank account number and sort code |
|---|---|---|---|
| 03-May-22 | $5,115,686.58 | MALAYAN BANKING BERHAD | 715120017120 |
| 26-May-22 | $5,120,935.25 | MALAYAN BANKING BERHAD | 715120017120 |
| 08-Jun-22 | $4,396,870.91 | MALAYAN BANKING BERHAD | 715120017120 |
| 09-Jun-22 | $7,092,677.27 | MALAYAN BANKING BERHAD | 715120017120 |
| 16-Jun-22 | $5,057,366.67 | MALAYAN BANKING BERHAD | 715120017120 |
| 13-Jan-22 | $7,727,254.41 | MALAYAN BANKING BERHAD | 715120017120 |
| 18-Feb-22 | $8,334,166.46 | MALAYAN BANKING BERHAD | 715120017120 |
| 03-Mar-22 | $5,561,281.85 | MALAYAN BANKING BERHAD | 715120017120 |
| 27-Jun-22 | $10,949,869.53 | MALAYAN BANKING BERHAD | 715120017120 |

5.6. In relation to the Seventh Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R7 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank account number and sort code |
|---|---|---|---|
| 26-Apr-22 | $15,040,520.76 | United Overseas Bank Limited | 451-911-313-3 |
| 18-May-22 | $4,474,069.35 | United Overseas Bank Limited | 451-911-313-3 |
| 01-Jun-22 | $8,203,870.54 | United Overseas Bank Limited | 451-911-313-3 |
| 10-Jun-22 | $5,327,842.25 | United Overseas Bank Limited | 451-911-313-3 |
| 14-Jun-22 | $9,810,918.72 | United Overseas Bank Limited | 451-911-313-3 |
| 24-Jun-22 | $5,246,740.71 | United Overseas Bank Limited | 451-911-313-3 |
| 06-Jul-22 | $4,626,415.68 | United Overseas Bank Limited | 451-911-313-3 |
| 29-Jul-22 | $9,436,450.40 | United Overseas Bank Limited | 451-911-313-3 |

5.7. In relation to the Eighth Respondent, the following sums which it received from the Applicants, and any fruits and traceable proceeds thereof (together, "**R8 Proprietary Funds**"):

| Date of Payment | Amount of payment | Payee Bank | Payee Bank account and sort code |
|---|---|---|---|
| 02-Feb-22 | $7,025,648.43 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 25-Feb-22 | $4,883,330.60 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 02-Mar-22 | $6,564,324.75 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 03-Mar-22 | $8,230,645.20 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 04-May-22 | $6,308,143.85 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 09-May-22 | $10,921,729.82 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 27-May-22 | $10,004,314.54 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 01-Jun-22 | $6,475,550.92 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 10-Jun-22 | $4,557,968.28 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 16-Jun-22 | $10,583,264.16 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 17-Jun-22 | $11,566,593.81 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 20-Jan-22 | $11,531,588.69 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 24-Jun-22 | $7,317,035.19 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 01-Jul-22 | $4,481,189.46 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |
| 29-Jul-22 | $2,185,858.50 | The Hongkong and Shanghai Banking Corporation Limited | 260487863178 |

6. The fruits and traceable proceeds of the R3, R4, R5, R6, R7 and R8 Proprietary Funds shall include (without limitation) any asset purchased in whole or in part therewith; and any interest earned or other income received or derived therefrom. The R3, R4, R5, R6, R7 and R8 Proprietary Funds are collectively referred to herein as the "**Proprietary Funds**".

7.  If the combined total value free of charges or other securities (**"unencumbered value"**) of (a) the Respondents' assets in England and Wales apart from the Proprietary Funds (**"the Unaffected Assets"**); and (b) their interest in the Proprietary Funds exceeds US$625,000,000, the Respondents may remove any of the Unaffected Assets from England and Wales or may dispose of or deal with those assets so long as the total unencumbered value of the Respondents' assets still in England and Wales remains above US$625,000,000.

8.  If the total unencumbered value of the Respondents' assets in England and Wales does not exceed US$625,000,000, the Respondents must not remove any of those assets from England and Wales and must not dispose of or deal with any of them. If the Respondent has other assets outside England and Wales, they may dispose of or deal with those assets other than any of the Proprietary Funds outside England and Wales so long as the total unencumbered value of all their assets whether in or outside England and Wales remains above US$625,000,000.

**Provision of Information**

9.  The Defendants shall continue to be subject to the obligations concerning the provision of information and documentation contained in paragraphs 11-17 of Foxton J's order of 8 February 2023, as amended by Foxton J's further order of 13 February 2023, subject to the following further amendments:

    9.1. The table appearing beneath paragraph 7.6 of Foxton J's order of 8 February 2023 shall be amended by removing one of the duplicative references to a payment of $15,040,520.76 on 26 April 2022.

    9.2. The deadlines in paragraphs 14 and 15 of Foxton J's order of 8 February 2023 shall be amended to read "4pm on 1 March 2023".

    9.3. Paragraph 15 of Foxton J's order of 8 February 2023 shall be amended to read "… for the bank accounts held by them as identified in paragraphs 7.2-7.7 above".

**Exceptions to this Order**

10. Save that no use for any purpose may be made of any Proprietary Funds, this order does not prohibit the First Respondent from spending £20,000 a month towards his ordinary living expenses, and all of the Respondents from spending a reasonable sum on legal advice and representation. But before spending any money the Respondents must tell the Applicants' legal representatives where the money is to come from.

11. Save that no use for any purpose may be made of any Proprietary Funds, this order does not prohibit the Respondents from dealing with or disposing of any of their assets in the ordinary and proper course of business, but before doing so the Respondent must tell the Applicants' legal representatives.

12. The Respondents may agree with the Applicants' legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

13. The order will cease to have effect if the Respondents—

    13.1. provide security by paying the sum of US$625,000,000 into Court, to be held to the order of the Court; or

    13.2. makes provision for security in that sum by another method agreed with the Applicants' legal representatives.

**Costs**

14. Costs reserved.

**Variation or Discharge of this Order**

15. The Respondents shall have liberty to apply to vary and/or discharge this order, without showing any material change of circumstances, provided that any such application is issued and served by 4pm on 6 April 2023.

16. Anyone other than the Respondents who has been served with or notified of this order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicants' solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicants' solicitors in advance.

**Interpretation of this Order**

17. A Respondent who is an individual who is ordered not to do something must not do it herself or himself or in any other way. She or he must not do it through others acting on her or his behalf or on her or his instructions or with her or his encouragement.

18. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Parties other than the Applicant and the Respondents**

19. **Effect of this order**
    It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

20. **Set off by banks**
    This injunction does not prevent any bank from exercising any right of set of it may have in respect of any facility which it gave to any Respondent before it was notified of this order.

21. **Withdrawals by the Respondent**
    No bank need enquire as to the application or proposed application of any money withdrawn by any Respondent if the withdrawal appears to be permitted by this order.

22. **Persons outside England and Wales**

22.1. Except as provided in paragraph 22.2 below, the terms of this order do not affect or concern anyone outside the jurisdiction of this Court.

22.2. The terms of this order will affect the following persons in a country or state outside the jurisdiction of this Court:

(1) each of the Respondents or its officer or its, her or his agent appointed by power of attorney;

(2) any person who-

(i) is subject to the jurisdiction of this Court;

(ii) has been given written notice of this order at his residence or place of business within the jurisdiction of this Court; and

(iii) is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this order; and

(3) any other person, only to the extent that this order is declared enforceable by or is enforced by a Court in that country or state.

23. **Assets located outside England and Wales**

Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with:

23.1. what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and any of the Respondents; and

23.2. any orders of the Courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicants' solicitors.

**Service**

24. Without prejudice to the First to Third and Fifth to Eighth Respondents' right to challenge the jurisdiction of the English Court, the Claim Form shall be deemed to have been served on the First to Third and Fifth to Eighth Respondents on 10 February 2023

25. Without prejudice to the Fourth Respondents' right to challenge the jurisdiction of the English Court, this Order and the Claim Form shall be deemed to have been served on the Fourth Respondent on 23 February 2023.

26. The number of days that each of those Respondents who are being served out of the jurisdiction shall have to file their acknowledgment of service (from the date of service of the Claim Form) shall be as follows

    26.1. 22 days for each of the First, Second, Fourth and Eighth Respondents

    26.2. 24 days for each of the Third and Sixth Respondents

    26.3. 31 days for the Seventh Respondent.

**Use of Respondents' asset disclosure**

27. The Applicants shall have permission to use the asset disclosure provided by any Respondent for the purpose of proceedings in the Cayman Islands (under Cause Number FSD 31 of 2023) and/or Malaysia (under case number WA-22NCC-47-02/2023) and/or Singapore (under case number HC/OC 91/2023) in which that Respondent has also been ordered to give asset disclosure.

**Communications with the Court**

28. All communications to the Court about this Order should be sent to the Admiralty and Commercial Court Listing Office, 7 Rolls Building, Fetter Lane, London EC4A 1NL

quoting the case number. The telephone number is 020 7947 6826.  The offices are open between 10 a.m. and 4:30 p.m. Monday to Friday.