# Exhibit E



IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES
KING'S BENCH DIVISION
COMMERCIAL COURT
Before the Honourable Mr Justice Butcher
Dated 29 February 2024

CL-2023-000054

BETWEEN:

**(1) TRAFIGURA PTE LTD**
**(2) TRAFIGURA INDIA PVT LTD**

**Claimants/Applicants**

**(1) PRATEEK GUPTA**
**(2) UIL (SINGAPORE) PTE LTD**
**(3) UIL MALAYSIA LTD**
**(4) TMT METALS AG**
**(5) TMT METALS (UK) LTD**
**(6) SPRING METAL LTD**
**(7) MINE CRAFT LIMITED**
**(8) NEW ALLOYS TRADING PTE LTD**

**Defendants/Respondents**

---

**CONSENT ORDER**

---

**PENAL NOTICE**

IF YOU, PRATEEK GUPTA, UIL (SINGAPORE) PTE LTD, UIL MALAYSIA LTD, TMT METALS AG, TMT METALS (UK) LTD, SPRING METAL LTD, MINE CRAFT LIMITED OR NEW ALLOYS TRADING PTE LTD DISOBEY THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**UPON** the Order of Mr Justice Foxton dated 8 February 2023 (the "**Proprietary Injunction**")

**AND UPON** the Order of Mr Justice Bright dated 24 February 2023 amending and continuing the Proprietary Injunction

**AND UPON** the application dated 13 October 2023 made by the Claimants/Applicants (the "**Application**")

**AND UPON** the Claimants/Applicants and the First to Fifth Defendants/Respondents agreeing to the terms of this order

**BY CONSENT IT IS ORDERED THAT**

1. The First to Fifth Respondents shall by 4pm on 22 April 2024, to the best of their ability and after making all reasonable enquiries ("**the Enquiries**"), provide to the Claimants' solicitors full particulars of, and supporting documentation in relation to:

    1.1. What was received in exchange for the payments made using the Claimants' Proprietary Funds (as defined in the Proprietary Injunction) set out in Schedule 1 to this Order (the "**Substitute Assets**");

    1.2. Whether and to what extent (and if so, where and how precisely) any of the First to Fifth Respondents still hold all or any part of the Substitute Assets;

    1.3. If and to the extent that any of the First to Fifth Respondents do not still hold all or any part of the Substitute Assets, what was done with the same, including full particulars of the identity of the purchaser or other transferee and what, if anything was received in return for them (the "**Further Substitute Assets**");

    1.4. A full narrative of what became of the Further Substitute Assets and the traceable proceeds thereof (including any further substitute assets or other benefit received by the First to Fifth Respondents in return for the traceable proceeds of the

Proprietary Funds) and full particulars of the identity of the purchaser(s) or other transferee(s); and

1.5. The Enquiries.

2. The information to be provided pursuant to paragraph 1 above shall be provided by way of an affidavit from each of (a) the First Respondent; and (b) a relevant officer of each of the Second to Fifth Respondents (to which the relevant documents are exhibited).

3. No order as to costs.

4. This Order shall be served by the Claimants on the First to Fifth Respondents.