# Exhibit F



IN THE HIGH COURT OF JUSTICE

BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES

KING'S BENCH DIVISION

CL-2023-000054

COMMERCIAL COURT

Before the Honourable Mr Justice Butcher

5 March 2024

BETWEEN:

**(1) TRAFIGURA PTE LTD**

**(2) TRAFIGURA INDIA PVT LTD**

**Claimants/Applicants**

**(1) PRATEEK GUPTA**

**(2) UIL (SINGAPORE) PTE LTD**

**(3) UIL MALAYSIA LTD**

**(4) TMT METALS AG**

**(5) TMT METALS (UK) LTD**

**(6) SPRING METAL LTD**

**(7) MINE CRAFT LIMITED**

**(8) NEW ALLOYS TRADING PTE LTD**

**Defendants/Respondents**

---

**ORDER**

---

**PENAL NOTICE**

IF YOU, PRATEEK GUPTA, UIL (SINGAPORE) PTE LTD, UIL MALAYSIA LTD, TMT METALS AG, TMT METALS (UK) LTD, SPRING METAL LTD, MINE CRAFT LIMITED OR NEW ALLOYS TRADING PTE LTD DISOBEY THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**UPON** the Order of Mr Justice Foxton dated 8 February 2023 (the "**Proprietary Injunction**")

**AND UPON** the Order of Mr Justice Bright dated 24 February 2023 amending and continuing the Proprietary Injunction

**AND UPON** the application dated 13 October 2023 made by the Claimants/Applicants (the "**Application**")

**AND UPON** hearing counsel for the Claimants/Applicants, and the Sixth to Eighth Defendants/Respondents being neither present nor represented

**AND UPON** reading the evidence

**IT IS ORDERED THAT:**

1.  The Sixth to Eighth Respondents shall by 4pm on 22 April 2024, to the best of their ability and after making all reasonable enquiries ("**the Enquiries**"), provide to the Claimants' solicitors full particulars of, and supporting documentation in relation to:

    1.1.  What was received in exchange for the payments made using the Claimants' Proprietary Funds (as defined in the Proprietary Injunction) set out in Schedule 1 to this Order (the "**Substitute Assets**");

    1.2.  Whether and to what extent (and if so, where and how precisely) any of the Sixth to Eighth Respondents still hold all or any part of the Substitute Assets;

    1.3.  If and to the extent that any of the Sixth to Eighth Respondents do not still hold all or any part of the Substitute Assets, what was done with the same, including full particulars of the identity of the purchaser or other transferee and what, if anything was received in return for them (the "**Further Substitute Assets**");

    1.4.  A full narrative of what became of the Further Substitute Assets and the traceable proceeds thereof (including any further substitute assets or other benefit received by the Sixth to Eighth Respondents in return for the traceable proceeds of the

Proprietary Funds) and full particulars of the identity of the purchaser(s) or other transferee(s); and

    1.5.   The Enquiries.

2.     The information to be provided pursuant to paragraph 1 above shall be provided by way of an affidavit from a relevant officer of each of the Sixth to Eighth Respondents (to which the relevant documents are exhibited).

3.     As between the Claimants and the Sixth to Eighth Respondents, costs in the case.

4.     This Order shall be served by the Claimants on the Sixth to Eighth Respondents.