# Exhibit W

# HSBC Bank USA, National Association

# Insured Depository Institution (IDI) Plan

# PUBLIC SECTION

## December 2022

This document contains forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995, including statements about HSBC Group's beliefs and expectations. Words such as "expects", "anticipates", "intends", "plans", "believes", "seeks", "estimates", "potential" and "reasonably possible", variations of these words and similar expressions are intended to identify forward-looking statements. These statements are based on current plans, estimates and projections, and therefore undue reliance should not be placed on them. Forward-looking statements speak only as of the date they are made. HSBC Group makes no commitment to revise or update any forward-looking statements to reflect events or circumstances occurring or existing after the date of any forward-looking statements. The US Resolution Plans (as defined herein) are not binding on a bankruptcy court, HSBC Group's regulators or any other resolution authority and the scenarios described and the assumptions made are hypothetical and do not necessarily reflect events to which HSBC Group is or may be subject.

Written and/or oral forward-looking statements may also be made in the periodic reports to the US Securities and Exchange Commission (SEC), summary financial statements to shareholders, proxy statements, offering circulars and prospectuses, press releases and other written materials, and in oral statements made by HSBC Group's directors, officers or employees to third parties, including financial analysts.

Forward-looking statements involve inherent risks and uncertainties. Readers are cautioned that a number of factors could cause actual results to differ, in some instances materially, from those anticipated or implied in any forward-looking statement. Factors that could cause HSBC Holdings plc's or HSBC Bank USA, National Association's actual results to differ materially from those described in the forward-looking statements can be found in HSBC Holdings plc's Annual Report on Form 20-F for the fiscal year ended December 31, 2021 filed with the SEC under the Securities Exchange Act of 1934, as amended (Exchange Act), on February 20, 2018 (Form 20-F) and in HSBC USA Inc.'s Annual Report on Form 10-K for the fiscal year ended December 31, 2021 filed with the SEC under the Exchange Act on February 20, 2022.



# 1. INTRODUCTION

## 1.1. US Resolution Plan Requirements

In 2012, the Federal Deposit Insurance Corporation (**FDIC**) issued a final rule (**IDI Rule**) that requires insured depository institutions (**IDIs**) with assets of USD50bn (**Covered IDIs**) or more to submit periodically to the FDIC a plan for resolution of the IDI in the event of failure. In addition, the FDIC provided further clarification, guidance and direction for the 2022 preparation of the IDI Plan (as defined below) in its June 2021 guidance on modified approach to IDI resolution planning. Although the June 2021 guidance suspended the IDI Plan requirement for IDI's with assets of less than USD100bn, HBUS's assets are in excess of that threshold and so HBUS has filed an IDI Plan in accordance with that guidance and the IDI Rule.

The assets of HSBC Holdings plc's (**HGHQ**, and together with its affiliates and subsidiaries **HSBC Group**) largest IDI in the United States (**US**), HSBC Bank USA, National Association (**HBUS**), exceed USD50bn, and, as a result, HBUS is a Covered IDI under the IDI Rule, and it must file a resolution plan in accordance with the IDI Rule (**IDI Plan**).

Separately in 2011, the FDIC and the Board of Governors of the Federal Reserve System (**FRB**) issued a final rule (**SIFI Rule**) implementing Section 165(d) of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (**DFA**). For foreign bank holding companies such as HSBC Group, the SIFI Rule requires bank holding companies with total global consolidated assets of USD50bn or more (**Covered Company**) to submit periodically to the FRB and FDIC a plan for the rapid and orderly resolution in the event of material distress or failure of the Covered Company's US operations. As the global consolidated assets of HGHQ, the holding company for the HSBC Group, exceed USD50bn, it is a Covered Company under the SIFI Rule and must file a resolution plan in accordance with the SIFI Rule (**SIFI Plan**).

The HSBC Group's initial US resolution plan submissions incorporated both an IDI Plan and SIFI Plan (together, the **US Resolution Plans**). The initial US Resolution Plan submissions were made to the FDIC and the FRB as of July 1, 2013 and subsequently updated and submitted to the FDIC and the FRB as of July 1, 2014, December 31, 2015, and July 31, 2018. As required by the SIFI Rule, a separate SIFI Plan was submitted on December 17, 2021 describing how the HSBC North America Holdings Inc. (**HNAH**) and its subsidiaries (**US Group**) which include HNAH as the US Group's intermediate holding company (**IHC**), would be resolved under the assumptions required by the SIFI Rule.

The FDIC requires all Covered IDIs to prepare IDI Plans. The FDIC requires that certain information be included in a public section of the IDI Plan. HBUS submits this public section of the IDI Plan in compliance with the IDI Rule.

While there are important similarities between IDI Plans and SIFI Plans, it is relevant to consider their material differences. For example, the purpose of a SIFI Plan is to show how a Covered Company and its material subsidiaries can be resolved in a rapid and orderly manner under the US Bankruptcy Code (**Bankruptcy Code**) or other generally applicable insolvency law. The SIFI Rule defines "rapid and orderly resolution" as "a reorganization or liquidation of the covered company under the Bankruptcy Code [or other generally applicable insolvency law] within a reasonable period of time and in a manner that substantially mitigates the risk that the failure of the covered company would have serious adverse effects on financial stability in the United States." The focus is on mitigating the risk that the failure of a Covered Company could destabilize the US financial system.

In contrast, the purpose of an IDI Plan is to assume that the Covered IDI—in this case, HBUS—has failed and to show how the Covered IDI can be resolved under the bank resolution provisions of the Federal Deposit Insurance Act (**FDIA**) "in a manner that ensures that depositors receive access to their insured deposits within one business day of the IDI's failure (or two business days if the failure occurs on a day other than a Friday), maximizes the net present value return from the sale or disposition of the IDI's assets and minimizes the amount of any loss realized by the creditors in the resolution." The objectives of the IDI Rule should be viewed in light of the FDIC's mission to maintain public confidence in the nation's banking system.



### 3.2.1.3. Location and Jurisdiction

HBUS is a national banking association chartered under the laws of the United States and has its principal executive office at 452 Fifth Avenue, New York, New York. HBUS has its main office at 1800 Tysons Blvd., Suite 50, Tysons, Virginia.

As at March 31, 2022, HBUS had 22 branches and four representative offices in six states including the District of Columbia.

In addition to its domestic offices, HBUS has a foreign branch in London and another in Hong Kong. The London branch is inactive and has no dedicated staff. HBUS also maintains a representative office authority in Brazil through a contractual relationship with Banco HSBC S.A. (formerly HSBC Brasil SA - Banco de Investimento, S.A.), which is utilized by the WPB CBL, and a representative office presence in Bogota, Colombia, and Lima, Peru, each utilized by the GB CBL.