

Robert K. Kry
MoloLamken LLP
600 New Hampshire Ave., N.W.
Suite 500
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

January 31, 2025

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Room 2101
40 Foley Square
New York, New York  10007

BY ECF

>     Re:    In re Application of Trafigura Pte Ltd for an Order Pursuant to 28 U.S.C.
>            § 1782 To Conduct Discovery for Use in a Foreign Proceeding,
>            No. 25 Misc. 41 (JPO) – Notice of Supplemental Authority

Dear Judge Oetken:

      We represent the applicant Trafigura Pte Ltd ("Trafigura") in the above-captioned § 1782 discovery proceeding.  We write to provide notice of recent pertinent authority that came to counsel's attention after the filing of the application.

      In *In re Bourlakova*, No. 24-mc-71, 2024 WL 4839047 (S.D.N.Y. Nov. 20, 2024), Your Honor granted a § 1782 application in similar circumstances.  There, the applicants were plaintiffs in a U.K. lawsuit alleging that the defendants had misappropriated funds by means of U.S. dollar transactions processed through U.S. correspondent banks.  *Id.* at *1.  The applicants sought to serve a subpoena on Clearing House Payments Company L.L.C. for six years' worth of wire transfer records involving 10 individuals, 38 related entities, and nearly 100 bank accounts.  *Id.*  This Court granted the application *ex parte* and then denied the U.K. defendants' motion to vacate.  No. 24-mc-71, Dkts. 7, 29, *appeal pending*, No. 24-3187 (2d Cir.).  The Court rejected the argument that the subpoena was overbroad:  "The scope of discovery, while broad, is not unduly so, given that the underlying U.K. Proceeding names thirteen defendants, involves high-net-worth individuals who own numerous companies, and alleges wide-ranging claims of asset misappropriation."  2024 WL 4839047, at *4.

      *Bourlakova* is highly instructive here.  Like the applicants in *Bourlakova*, Trafigura seeks wire transfer records for misappropriated funds processed through U.S. correspondent banks.  Dkt. 3 at 1-2.  Trafigura's proprietary claims in the English proceeding make the whereabouts of those funds even more relevant than the records in *Bourlakova*.  *Id.* at 8-9.  Finally, *Bourlakova* confirms that Trafigura's proposed subpoenas are not overbroad:  Although Trafigura seeks records from a greater number of financial institutions, it seeks those records for only 21 target entities over a

three-year period. *Id.* at 13-14; Dkt. 1-1. Those requests are far narrower than the six years' worth of records for 10 individuals, 38 related entities, and nearly 100 bank accounts at issue in *Bourlakova*. 2024 WL 4839047, at *4. Accordingly, Your Honor should grant Trafigura's application for the same reasons Your Honor granted the application in *Bourlakova*.

A copy of the Court's decision in *Bourlakova* is attached.

Respectfully submitted,

Robert Kry