UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>TRAFIGURA PTE LTD<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>To Conduct Discovery for Use in a Foreign<br>Proceeding | No. 25 Misc. 41 (JPO) |

## **PROTECTIVE ORDER**

WHEREAS on February 8, 2023, petitioner Trafigura Pte Ltd ("Trafigura") and an affiliate brought suit in the High Court of Justice, Business and Property Courts of England and Wales, against Prateek Gupta and seven affiliated entities alleging fraudulent misrepresentation, breach of contract, and proprietary claims that seek the return of funds obtained from Trafigura under false pretenses (the "English Proceeding");

WHEREAS on January 27, 2025, Trafigura filed an application in this Court seeking an order authorizing discovery for use in the English Proceeding pursuant to 28 U.S.C. § 1782;

WHEREAS, on January 31, 2025, this Court granted the application and entered an order authorizing Trafigura to issue subpoenas to certain respondents proposed in the application (the "Respondents"); and

WHEREAS certain Respondents have requested or may request the entry of a protective order before producing information; and

GOOD CAUSE having been shown for the relief requested herein;

IT IS HEREBY ORDERED that the following provisions shall govern the production, disclosure, and use of confidential information in these proceedings:

1. Any person producing documents or information in this proceeding, including but not limited to the Respondents, may designate any document or information produced as "Confidential" if it contains confidential business information or other confidential information whose public disclosure may reasonably be expected to prejudice the producing person or another person to whom that person owes a duty of confidentiality ("Confidential Information"). A document may be designated Confidential by stamping the word "CONFIDENTIAL" on it or otherwise clearly indicating that it is designated Confidential.

2. Confidential Information may only be used for purposes related to this proceeding, the English Proceeding, or any other enforcement proceeding, ancillary proceeding, or other proceeding in any jurisdiction related to the English Proceeding or to the claims asserted therein (collectively, the "Proceedings").

3. Confidential Information may be disclosed only to the following persons:

(a) this Court and any other court, tribunal, bailiff, other authority, court reporter, witness, respondent to disclosure, attachment, or execution process, or other person to whom disclosure is required by applicable laws, rules, or procedures in the Proceedings;

(b) outside counsel for any party to the Proceedings and their support staff;

(c) personnel of the parties to the Proceedings or their corporate affiliates to whom disclosure is reasonably necessary for the conduct of the Proceedings;

(d) photocopying services, translators, and other litigation support service providers or vendors who have been engaged by a party to the Proceedings or its outside counsel to provide support services in connection with the Proceedings and who have an obligation to treat the information confidentially;

(e) any person retained by a party to the Proceedings or its outside counsel to serve as an expert witness, consultant, or investigator, or otherwise to provide specialized advice in the Proceedings, provided such person has been furnished a copy of this protective order and agreed to be bound by its terms;

(f) any other person as authorized by this Court or by any other court overseeing the Proceedings, or as agreed to by the person claiming confidentiality.

4. Any person may designate deposition testimony Confidential if the testimony satisfies the criteria for such designation above and the designating person serves the designation within 14 days of the deposition. Deposition transcripts shall be deemed Confidential during that 14-day period.

5. Any persons who dispute whether material was properly designated Confidential shall endeavor to resolve the dispute in good faith. Absent such resolution, any person may apply to this Court for a determination.

6. Any Confidential material submitted to this Court shall be filed in accordance with the Court's procedures for requesting that the material be filed under seal. Any Confidential material submitted to any other court, tribunal, or authority shall be submitted in a manner that preserves its confidentiality to the greatest extent possible.

7. The provisions of this protective order shall remain in effect after the conclusion of the Proceedings.

8. Between the time that this proposed protective order is submitted to the Court and the time that the Court enters a protective order, Trafigura agrees to be bound by the terms of the proposed order and to treat any information designated Confidential as if the Court had already entered the order.

Dated: February 19, 2025
       Washington, D.C.

/s/ Robert K. Kry
Robert K. Kry
Jackson A. Myers (*pro hac vice* pending)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2011
rkry@mololamken.com
jmyers@mololamken.com

*Attorneys for Applicant Trafigura Pte Ltd*

**SO ORDERED.**

Date: February 20, 2025

_____
J. PAUL OETKEN
United States District Judge

4